**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHANECA LOUISE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-01889-SEP |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court are self-represented Plaintiff Shaneca Davis's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], and Motion for Appointment of Counsel. Doc. [2]. Because Plaintiff has not provided sufficient information to qualify for *in forma pauperis* status, the Application is denied without prejudice. Doc. [3]. Plaintiff's Motion for Appointment of Counsel is also denied without prejudice. Within 14 days of this Order, Plaintiff must either pay the full $405 filing fee or complete a new Application to Proceed in District Court Without Prepaying Fees or Costs. Her failure to do one or the other in a timely manner will result in dismissal of this action without prejudice.

**THE COMPLAINT**

Plaintiff Shaneca Davis brings this action against the State of Missouri and her former landlord, Mangus Properties, LLC, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated her due process rights under the United States and Missouri Constitutions when she was evicted her from an apartment at 5600 Dewey Avenue, Apartment 3, St. Louis, Missouri, 63116. Doc. [1] at 3, 5. Plaintiff claims that Mangus repeatedly "denied rental and other assistance" to her and would take payment only through Plaintiff's tax refund. *Id.* at 5. Plaintiff seeks compensatory and punitive damages and asks that the "illegal eviction" judgment be removed from Missouri Case.net "so there is no judgment against [her] anymore." *Id.*

A review of Missouri Case.net[1] reveals that Defendant Mangus filed a rent and possession action against Plaintiff seeking unpaid rent, late fees, and legal fees based on a lease

---

[1] The Court takes judicial notice of this public state record. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

between Mangus and Plaintiff. *See Mangus Properties, LLC v. Davis*, Case No. 2422-AC06942 (22nd Jud. Cir., July 25, 2024). Plaintiff filed a counterclaim against Mangus for breach of contract. *Id*. On July 24, 2024, the parties entered a consent judgment, in which Mangus was awarded rent, late fees, legal fees and court costs totaling $6,188.21. As part of the consent judgment, Plaintiff's counterclaim was dismissed. *Id*. On August 7, 2024, Plaintiff filed a petition in St. Louis City Court against Mangus for breach of contract, which sought relief based on the same theories as her prior counterclaim. *See Davis v. Mangus Properties*, Case No. 2422-CC07117 (22nd Jud. Cir., Aug. 7, 2024). On September 19, 2024, Mangus moved to dismiss Plaintiff's petition, arguing res judicata. *Id.* After oral argument. the Court dismissed the action with prejudice on August 7, 2025. *Id*.

**DISCUSSION**

**I.    <u>Plaintiff has not shown she is qualified to proceed *in forma pauperis*.</u>**

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], does not provide sufficient information regarding Plaintiff's finances. Plaintiff provides no information about her income, her assets or any other relevant financial information. Although she states in a conclusory fashion that she has $2,500 in financial obligations per month, *see* Doc. [3] at 2, she does not explain how she pays such expenses with no income or assets. The Application will therefore be denied at this time.[2] Within 14 days of this Order, Plaintiff must either pay the full $405 filing fee or complete a new Application to Proceed in District Court Without Prepaying Fees or Costs. Her failure to do one or the other will result in dismissal of this action without prejudice.

**II.    <u>Plaintiff has not shown she is entitled to counsel at this time.</u>**

Plaintiff has also moved for appointment of counsel. Doc. [2]. That motion is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing

---

[2] Currently, Plaintiff has two other cases pending before the Court. *See Davis v. Missouri Dept. of Revenue Division of Taxation*, Case No. 4:26-cv-01001 SPM (E.D.Mo.); *Davis v. Mangus Properties, et al.,* Case No. 4:26-cv-00279 SEP (E.D.Mo.). Her applications to proceed *in forma pauperis* in those matters also fail to provide information about income and assets, and her monthly expenses vary among the three cases. In the underlying matter, Doc. [3] at 2, and *Davis v. Missouri Dept. of Revenue Division of Taxation*, Case No. 4:26-cv-01001 SPM, Doc. [2] at 2 (E.D.Mo.), Plaintiff states that she has $2,500 per month in expenses. But in *Davis v. Mangus Properties, et al.,* Case No. 4:26-cv-00279 SEP (E.D.Mo.), Plaintiff claims $1,250 per month in expenses. Doc. [2] at 2.

2

*Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'"  *Id.* (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips,* 437 F.3d at 794).

On review of the factors, the Court finds that appointment of counsel is not warranted at this time.  Plaintiff has yet to file a complaint that survives initial review.  There is no indication that Plaintiff is unable to present her claims, and neither the factual nor the legal issues in this case appear to be especially complex.  Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court might reconsider appointing counsel if it becomes appropriate as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall update the docket to reflect the name of the second Defendant in this matter:  Mangus Properties, LLC.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that **within 14 days of the date of this Order**, Plaintiff must either pay the full $405 filing fee or file an adequate Application to Proceed in District Court Without Prepaying Fees or Costs.  The Clerk of Court is directed to provide Plaintiff with a blank application.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 2nd day of July, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3